# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CORINNE M. MULLEN,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **MATTHEW MORAVEK,** *et al.*, <br><br> Defendants. | Civ. No. 2:13-cv-00085 (WJM) <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Corinne Mullen filed this attorney's fee action against Defendants Matthew Moravek and Sophmatt LLC. This matter comes before the Court on Defendants' motion to dismiss, and Plaintiffs' cross motion to disqualify counsel. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court finds that the motion to disqualify counsel should be granted, the action should be dismissed pursuant to Federal Rule of Civil Procedure 19, and the motion to dismiss should be denied as moot.

## I. BACKGROUND

The following facts were set forth by the parties in the Complaint, the motions, and the parties' letters to the Court. Plaintiff Mullen is a New Jersey lawyer. Compl. at 3. Mullen worked with another New Jersey lawyer, Timothy McIlwain. Compl. at 5. There is a dispute about whether Mullen and McIlwain ever formed a partnership. *See* Mot. to Dismiss at 3, ECF No. 10. McIlwain was hired by two New York clients, Matthew Moravek and Sophmatt LLC (the "Clients"), to work on a trial in New Jersey state court. Compl. at 3. After a "melt down" between McIlwain and one of the other trial lawyers, McIlwain suggested that Mullen be added to the trial team. Fierro Ltr. Ex. 1, ECF No. 20-1. The Clients agreed and Mullen was hired. *Id.* There was no written retainer agreement. McIlwain Ltr. at 2, ECF No. 21. Both McIlwain and Mullen worked on the trial, and they ultimately won a $1.8 million verdict for their Clients. Compl. at 7.

McIlwain was paid $250,000 for his work on the trial. Mot. for Disqualification at 10, ECF No. 11. Mullen was paid only $16,500, even though she worked on the trial for more than 275 hours and billed more than $117,000. Fierro Ltr Ex. 2, ECF No. 20-2. The Clients never objected in any respect to Plaintiff's time charges for the case. Compl. at 7. Instead, it appears that McIlwain was the one who determined when and how much Plaintiff was paid. For example, it was "McIlwain not Mr. Moravek" who paid Plaintiff's initial

1

$900 fee for the case. McIlwain Ltr. at 1. McIlwain also paid Plaintiff's fees during the trial. *Id.* After the trial, Mullen filed a motion for attorney's fees with the state court. Moravek Decl. Ex. B., ECF No. 10-1. The Honorable Paul J. Vichness denied the motion, allegedly because he had assumed that Mullen would be paid jointly with McIlwain out of the $250,000 fee. *See* Mot. to Dismiss at 4. To date, McIlwain has refused to share any portion of the $250,000 fee with Mullen.[1]

Plaintiff filed this action against her former Clients to recover the $100,500 that she is still owed for her work on the trial. McIlwain represents the Defendants in this proceeding.

## II. DISCUSSION

Plaintiff moves to disqualify McIlwain as counsel, arguing that McIlwain is an indispensable witness and a potential defendant in this case. The Court agrees, and further finds that McIlwain is an indispensable party in this action.

McIlwain's representation of the Defendants in this case is a clear conflict of interest. New Jersey Rule of Professional Conduct ("NJ RPC") 3.7 provides that a "lawyer shall not act as [an] advocate at a trial in which the lawyer is likely to be a necessary witness." NJ RPC 3.7(a). NJ RPC 1.7 provides that "a lawyer shall not represent a client if . . . there is a significant risk that the representation of [the] client[] will be materially limited by . . . a personal interest of the lawyer." NJ RPC 1.7(a)(2). Both Rules apply here. McIlwain is a necessary fact witness in this case. McIlwain hired Plaintiff, McIlwain worked with Plaintiff throughout the trial, and McIlwain was the one who determined when and how much Plaintiff was paid. Moreover, McIlwain's interests are directly adverse to his Client's interests in this action: as discussed in greater detail below, it appears that it was McIlwain, not his Clients, who failed to pay Plaintiff's fee. Finally, the inappropriate personal accusations included in McIlwain's submissions suggest that the representation is being materially limited by McIlwain's close involvement with the case. Accordingly, the Court finds that McIlwain should be disqualified from representing the Defendants. *See Lease v. Rubacky*, 987 F. Supp. 406, 408 (E.D. Pa. 1997) (granting disqualification under similar circumstances).

The Court further finds that McIlwain is an indispensable party in this case. Federal Rule of Civil Procedure 19 provides that a person "must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. Pro. 19(a)(1)(A). In this case, the Court cannot accord complete relief without adding McIlwain as a defendant. Based on the parties' allegations, it appears that it was McIlwain, not the Clients, who failed to pay Plaintiff. McIlwain was the one who hired Plaintiff, McIlwain was the one who paid her fees before and during the trial, and it appears that the

---

[1] Based on the personal accusations included in McIlwain's submissions, it appears that McIlwain now takes issue with the work that Mullen did during the trial. *See, e.g.*, Mot. to Dismiss at 3; McIlwain Ltr. at 1.

people involved in the state court case assumed that McIlwain would pay Plaintiff out of his $250,000 fee. Because McIlwain was likely the one responsible for paying Plaintiff's fee, the Court cannot grant relief without him.

When joining a necessary party to an action would destroy subject-matter jurisdiction, a court may dismiss the action. "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted). Plaintiff is a New Jersey resident. McIlwain is also a New Jersey resident. If McIlwain is added as a defendant, there will no longer be complete diversity, and this Court will no longer have subject-matter jurisdiction over the case. Federal Rule of Civil Procedure 19 provides that, "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. Proc. 19(b). Factors to consider in making this determination include (1) the extent to which a judgment rendered in the person's absence might prejudice the existing parties, (2) whether a judgment rendered in the person's absence would be adequate, (3) the extent to which any prejudice could be lessened by the court, and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. *Id.*

In this case, the Court finds that dismissal is appropriate under Rule 19. If the Court enters a judgment against the Clients for $100,500, then the Clients would be forced to re-pay the part of their $250,000 payment that should have already been paid to Plaintiff. If the Court finds that the Clients are not the ones liable for the missing payment, then Plaintiff would be unable to recover for the work that she performed. Thus, a judgment rendered by this Court in McIlwain's absence would either be prejudicial or inadequate. If this action were dismissed for nonjoinder, however, then Plaintiff would have an adequate remedy because she could pursue her claims against McIlwain and the Clients in state court. Accordingly, the Court finds that this action should be dismissed.

Because the Court dismisses this case on other grounds, Defendants' motion to dismiss is denied as moot.

### III. CONCLUSION

For the reasons stated above, the motion to disqualify counsel is **GRANTED**, the action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 19, and the motion to dismiss is **DENIED AS MOOT**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 8, 2013**